Dear Mr. May:
On behalf of the Jackson Parish Police Jury, you requested an opinion from this office regarding whether it could legally loan $400,000, interest-free and without security, to the Jackson Parish Hospital Service District, to assist it with the operation of the Jackson Parish Hospital, owned by the parish.
Political subdivisions are prohibited from loaning public funds to any person, association or corporation, public or private. See, La. Const. Art. VII, Sec. 14(A). This would preclude the loan in question. However, political subdivisions may enter into cooperative endeavors with the state, other political subdivisions, political corporations, the United States or its agencies, or with any public or private association, corporation or individual, for a public purpose. See, La. Const. Art. VII, Sec. 14(C). In Attorney General's Opinion Number 93-787, this office undertook a general discussion of cooperative endeavors and Article VII, Section 14 of the Louisiana Constitution. A copy of that opinion is enclosed for your perusal.
The police power is the power of a government to promote or to protect the public health, safety, morals, peace or general welfare. Thus, we think the governing authority of a parish, and therefore, the Jackson Parish Police Jury, in the exercise of its police power, may promote and protect the public health and general welfare, by owning and operating a hospital. This conclusion is supported by the fact that the legislature seems to have recognized that authority in La. R.S. 46:1051, by empowering police juries to create hospital service districts. Further implicit support for this proposition is found in La. R.S.46:1071, et seq., wherein the legislature included parish-owned hospitals in the definition of hospital service districts for the statutory purpose of enhancing the ability of hospital service districts to compete effectively and equally in the health care services market.
Clearly, the operation of a parish hospital is a public purpose within the meaning of Article VII, Section 14(C). Considering the foregoing, it also seems quite clear that the Jackson Parish Police Jury has the inherent, if not express, legal obligation and duty to promote and protect the public health and general welfare.
The Jackson Parish Hospital Service District, like other hospital service districts, has among its express objects and purposes to own and operate hospitals, to participate in activities conducted to promote the general health of the community and to cooperate with other institutions and agencies in providing hospital and other health services to the residents of the district. See, La. R.S. 46:1052. The legal obligations and duties of the Jackson Parish Police Jury and the Jackson Parish Hospital Service District, at least insofar as their respective territorial boundaries overlap, are so nearly identical as to be, for most, if not all, practical purposes, indistinguishable. That being the case, we conclude that a transfer of funds from the Jackson Parish Police Jury to the Jackson Parish Hospital Service District, pursuant to a cooperative endeavor agreement for the express purpose of operating the Jackson Parish Hospital and providing health care services to the people of Jackson Parish is constitutionally permissible. See, also, Guste v. NichollsCollege Foundation, 564 So.2d 682 (La. 1990).
We hope this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
Attachment
Date Received: Date Released:
Randall A. Karr Assistant Attorney General